PAUL J. and MARGARET M. McDOWELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McDowell v. Commissioner
Docket No. 1208-78.
United States Tax Court
T.C. Memo 1980-160; 1980 Tax Ct. Memo LEXIS 430; 40 T.C.M. (CCH) 301; T.C.M. (RIA) 80160; May 5, 1980, Filed Scott J. McKay Wolas, for the petitioners. David N. Brodsky, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *431 OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge : Respondent determined a deficiency in petitioners' Federal income tax for the year 1975 in the amount of $2,734.89. The only question for decision is whether the property, located at 67 Breezy Point Road (Bass River), Yarmouth, Assachusetts, sold by petitioners on February 19, 1975, was used by them as their principal residence, so that the gain on the sale is subject to the nonrecognition provisions of section 1034(a). FINDINGS OF FACT Some of the facts in this case were stipulated. The facts stated in the stipulation and the exhibits attached thereto are incorporated herein by this reference. Petitioners filed a timely Federal joint income tax return for the year 1975. At the time the petition herein was filed, they resided at 37 Captain Noyes Road, South Yarmouth, Massachusetts. On November 20, 1957, the petitioners acquired a dwelling at 268 Blossom Street, Fitchburg, Massachusetts. This dwelling was owned and occupied by them until its sale in January, 1978. Prior to purchasing this house, the petitioners had resided at 5 Fulton Street, Fitchburg, Massachusetts. Petitioner Paul J. McDowell *432 (hereinafter referred to as Mr. McDowell) was employed by the New England Telephone and Telegraph Company, in the Fitchburg, Massachusetts district, from 1945 until his retirement in February, 1978. During the year 1975, Mr. McDowell was assigned by his company as a construction foreman, conduit worker, in the Fitchburg district. He worked in this capacity during the entire year, with hours of employment from 7:30 a.m. to 4:30 p.m. Petitioner Margaret M. McDowell (hereinafter referred to as Mrs. McDowell) was employed by Fitchburg State College in Fitchburg, Massachusetts from 1952 until her retirement on January 21, 1978. During the years 1974 and 1975, her working hours at Fitchburg State College were from 8:00 a.m. to 4:00 p.m. In November, 1974, Mrs. McDowell underwent a serious operation, causing her to be absent from her employment at Fitchburg State College from November 18, 1974 until her return to regular duty on January 13, 1975. She worked the entire fall term of 1975 at Fitchburg Satate College without any major illness. On August 23, 1955, the petitioners purchased a dwelling located at 67 Breezy Point Road (Bass River), Yarmouth, Massachusetts, for $5,500. Petitioners *433 owned this dwelling until February 19, 1975, when it was sold by them for $28,000. At the time of its sale, the petitioners had a cost basis in this dwelling of $13,500.On April 4, 1975, petitioners purchased a dwelling at 37 Captain Noyes Road, South Yarmouth, Massachusetts, for $41,000.
Until its sale on February 19, 1975, the petitioners spent weekends and holidays at their dwelling at 67 Breezy Point Road. Mr. McDowell spent an occasional weeknight there after working hours, and Mrs. McDowell spent the summer and the period during which she was recuperating from her operation of November 1974 there. After their purchase of the dwelling at 37 Captain Noyes Road, petitioners spent such occasional periods there. (Their dwellings at 67 Breezy Point Road and 37 Captain Noyes Road are both located on Cape Cod and are sometimes collectively or separately referred to as "the Cape.") At all other pertinent times, the petitioners resided at their home at 268 Blossom Street, Fitchburg, Massachusetts. The dwellings owned by the petitioners at the Cape were approximately 120 miles by automobile from their home in Fitchburg. During the year 1975, the petitioners registered and insured *434 their automobiles in Fitchburg, Massachusetts. For the years 1974, 1975, 1976, 1977, the petitioners paid automobile excise taxes on two automobiles owned by them to the City of Fitchburg, Massachusetts. For the year 1978, the petitioners were issued a bill by the City of Fitchburg, Massachusetts, for automobile excise taxes on two automobiles owned by them, but this bill was subsequently abated by the Board of Assessors. The petitioners were registered to vote in the City of Fitchburg, Massachusetts, for the year 1975. Both of them listed their addresses with their employers as 268 Blossom Street, Fitchburg, Massachusetts. This same address was shown by them on their 1975 Federal income tax return, which was prepared by Thomas J. Kelly of Fitchburg, Massachusetts. The petitioners' Federal income tax returns for the years 1975 and 1976 show that financial transactions involving the receipt or payment of interest were conducted by them with organizations within the Fitchburg, Massachusetts area. The deed by which they transferred their Breezy Point Road property declared that they were residents of Fitchburg, Massachusetts. OPINION Section 1034(a) provides that if property *435 used by the taxpayer as his principal residence (referred to as the "old residence") is sold by him and, within a certain period, property (referred to as the "new residence") is purchased and used by him as his principal residence, then gain from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price of the old residence exceeds the taxpayer's cost of purchasing the new residence. This is generally referred to as a rollover of gain on the sale of a principal residence. It is the petitioners' contention that the sale by them, on February 19, 1975, of the dwelling located at 67 Breezy Point Road (Bass River), Yarmouth, Massachsuetts, was the sale of property used by them as their principal residence and that, therefore, they are entitled to the rollover of gain provided by section 1034(a). It is the contention of the respondent that the petitioners used property owned by them at 268 Blossom Street, Fitchburg, Massachusetts, and not the Breezy Point Road property, as their principal residence and that, consequently, the sale in question did not constitute the sale of a principal residence to which the rollover of gain provided by section 1034(a) *436 would apply. We agree with the respondent. On February 19, 1975, the petitioners owned two residences, one located in Fitchburg, Massachusetts, and the other located in Yarmouth, Massachusetts, on the Cape. The question presented is one purely of fact as to which of those two residences was "used by" the petitioners as their "principal residence." If the property owned by them on the Cape and sold in 1975 was used by them as their principal residence, then section 1034(a) applies, provided the other conditions are met. If the property owned by them to 268 Blossom Street, Fitchburg, Massachusetts, was used by them as their principal residence, then section 1034(a) does not apply to the sale of the property at the Cape. From a review of all the evidence in this case, we find the conclusion inescapable that the property used by the petitioners as their principal residence was the home owned by them at 268 Blossom Street, Fitchburg, Massachusetts, and not the property on the Cape sold by them on February 19, 1975. Both of the petitioners had been employed in Fitchburg, Massachusetts, on a regular basis for many years prior to February 19, 1975, and continued to be so employed *437 until their retirement approximately three years later. It flies in the face of reason to think that persons owning a residence in the same city in which they are regularly employed would maintain their principal residence in another house owned by them 120 miles away. In addition, the petitioners consistently listed the house in Fitchburg, Massachusetts, as their official address and generally conducted their financial and other affairs in Fitchburg.It was the property here that was used by them as their principal residence. The property at 67 Breezy Point Road (Bass River), Yarmouth, Massachusetts, was indeed used by them, but purely on an occasional basis as a vacation or second home.
Mr. McDowell testified that, in August of 1974, he and his wife decided to retire to the Cape and live at 67 Breezy Point Road and that, at this time, they put the property owned by them at 268 Blossom Street, Fitchburg, Massachusetts, up for sale. From other evidence, this appears to be merely a reaffirmation of an intention that the petitioners had had for some time of moving to the Cape after they had both retired. In fact, evidence presented by some of their neighbors indicated that there *438 had been a sort of friendly contest as to who would be the first to retire to the Cape. Unfortunately for the petitioners, they were unable to sell their home in Fitchburg, Massachusetts, until early 1978 and, consequently, never did retire to the property owned by them at 67 Breezy Point Road. In November or December of 1974, during the period of Mrs. McDowell's convalescence in the house at 67 Breezy Point Road, the petitioners concluded that, after the summer residents had left the Cape, their property on Breezy Point Road was too secluded and that, if they intended to retire and live in that area on a year-round basis, they would have to get a place in which they would be more protected, with more people around them. They, thus, decided to look for another house into which they could retire and feel more secure. They found a house at 37 Captain Noyes Road, South Yarmouth, Massachusetts, which they bought on April 4, 1975, having sold the property here in question on Breezy Point Road on February 19, 1975. Thus, while the petitioners may have intended in August of 1974 to retire and move to their house at 67 Breezy Point Road and to make that their principal residence, *439 the fact is that they never did this. They sold this property at a time prior to any actual use of it by them as their "principal" residence. Since the property sold was not used by the petitioners as their principal residence, it cannot qualify for the nonrecognition of gain provided by section 1034(a). It does appear that the petitioners did sell their principal residence in Fitchburg, Massachusetts, in the year 1978 and did move to 37 Captain Noyes Road, South Yarmouth, Massachusetts, apparently also in the year 1978. However, we do not have before us the year 1978, so we make no judgment with respect to the sale of the property at 268 Blossom Street, Fitchburg, Massachusetts. * * *
In accordance with the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.